**MCFARLIN LLP**
Timothy G. McFarlin (State Bar No. 223378)
Email: tim@mcfarlinlaw.com
4 Park Plaza, Suite 1025
Irvine, California 92614
Telephone: (949) 544-2640
Fax: (949) 336-7612

Attorneys for Defendants
Life is Amazing, LLC, Doran
Andry, and Georg Bruno Ehlert

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| RICHARD PALLACK, <br> Plaintiffs, <br><br> v. <br><br> LIFE IS AMAZING, LLC, a California Limited Liability Company; DORAN ANDRY, an individual; GEORG BRUNO EHLERT, an individual; ALDAN MICHAEL SOON, an individual; and ASHWOOD TD SERVICES, LLC, a California Limited Liability Company, <br><br> Defendants. | Case No.: 8:21-cv-00139-JLS-KESx <br><br> Date of Hearing: July 9, 2021 <br> Time of Hearing: 10:30 a.m. <br> Location: U. S. District Court <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS** |

LIFE IS AMAZING, LLC, Doran Andry, and Georg Brune Ehlert (Collectively referred to herein as "Defendants") through their counsel of record, hereby replies in support of its Motion to Dismiss Plaintiff's Complaint.

- 1 -

## INTRODUCTION

Life is Amazing, LLC ("LIA") is a small business that makes infrequent loans and investments. LIA made a loan to Pallack, a sophisticated businessman with years of experience in both retail and lending, when no one else would. Indeed, Because of the Franchise Tax Board Lien and Pallack's history of defaulting on his mortgage, the LIA loan was an extremely high-risk loan. The terms of the loan reflected the risk to the lender, and Pallack – who had substantial prior experience in obtaining mortgage loans – knew and understood those terms.

Nonetheless, Pallack now seeks to avoid his obligations under the loan, and filed this action in an effort to further stall foreclosure. Pallack asserts six (6) causes of action in his complaint: (1) violations of HOEPA, (2) fraud, (3) breach of fiduciary duty, (4) violation of California Usury Law, (5) Unfair Business Practices and (6) Negligent Misrepresentation. Plaintiff's claims are alternatively time-barred, insufficiently pled, or otherwise fail as to Defendants LIA, Andry and Elhert.

This Court should grant dismissal of the claims.

## ARGUMENT

**A. LIA is Not Subject to the TILA/HOEPA Disclosure Requirements**

The TILA/HOEPA disclosure requirements do not apply to persons or entities that do not "regularly extend" consumer credit. Under TILA/HOEPA, an entity "regularly" extends consumer credit if it extended credit secured by a dwelling more than 5 times in the preceding year. *See* Reg. Z § 226.2(a)(17)(v), renumbered in 2011 at 1026.2(a)(17)(v).

Here, Plaintiff has not sufficiently pled that LIA "regularly extends" consumer credit secured by dwellings such that the TILA and HOEPA disclosure requirements would even apply – nor could it, as LIA is not subject to the requirements. Their failure to plead this information is, on its own, a basis for complete dismissal of the TILA and HOEPA claims.

. . .

. . .

### B. To the Extent Plaintiff Attempts to Assert Damages Claims Under TILA/HOEPA Vis-à-vis its Objection, the Claims are Time-Barred.

The provisions of HOEPA, which is a subsection of the Truth in Lending Act (TILA), requires claims for damages to be filed within one year. Plaintiff did not file this action within one year of the consummation of the loan. Therefore, he is prohibited from recovering damages with respect to any HOEPA/TILA claim. *Tanuvasa v. F.D.I.C.*, Case No. CV 09–02795 DDP (AGRx 2009 WL 3108568 at * 3 (C.D.Cal. Sept.23, 2009)(holding that HOEPA is a subsection of TILA and subject to the same statute of limitations); *King v. California*, 784 F.2d 910, 915 (9th Cir.1986)( "[A]s a general rule the limitations period starts at the consummation of the transaction.").

Plaintiff may assert that some claims they have included are subject to a longer, 3-year statute of limitations. However, HOEPA does not apply to any "reverse mortgage or temporary or bridge loan with a term of 12 months or less." 15 U.S.C. § 1639c(a)(8). Here, the term of the loan was only 9 months, and the provisions of HOEPA do not apply to it. Additionally, the steering provisions of 1639b are not, themselves, regulations, but rather a request for the Bureau to promulgate regulations regarding steering.

### C. Even if Debtor Had a Right to Rescind, Which He Does Not, He has not pled or Demonstrated an ability to tender Payment of the Principal

Section 1635(b) sets forth the protocol for return of money and property when a borrower exercises his right to rescind. Pursuant to Section 1635(b), the creditor must return all money and property paid by the borrower and terminate the security interest in the property within 20 days of receiving notice of rescission. 15 U.S.C. § 1635. Once the creditor completes its obligation, the borrower must tender the property he received from the creditor. See id. The implementing regulation for

1635(b) establishes a similar protocol for the borrower and creditor upon rescission. See 12 C.F.R. § 226.23.

The Ninth Circuit has held that district courts have the discretion to modify the sequence of rescission of events, including conditioning rescission on tender by the borrower of the property he received from the lender. See Yamamoto v. Bank of N.Y., 329 F.3d 1167, 1171, 1173 (9th Cir.2003); Ljepava v. M.L.S.C. Props., Inc., 511 F.2d 935, 944 (9th Cir.1975). Whether a court should exercise its discretion and alter the sequence of procedures under Section 1635(b) must be determined on a case-by-case basis, considering the entirety of the circumstances, including the nature of the violations and the borrower's ability to repay the proceeds. Yamamoto, 329 F.3d at 1173; see also Cook v. Wells Fargo Bank, 2010 WL 1289892, at *4 (S.D.Cal. Mar. 26, 2010) (relying on Yamamoto and dismissing TILA rescission claims at the motion to dismiss stage on the ground that the borrower failed to allege a present ability to tender).

Considering Plaintiff's admitted inability to make even the periodic payments on the loan, any claim by the plaintiff that he has the ability to tender the funds, or has tendered the funds received under the loan would be conclusory and speculative – insufficient to establish plausibility of his ability to pay. Cook, 2010 WL 1289892, at *5 (dismissing the plaintiffs' rescission claim with leave to amend because the plaintiffs had merely pled a "willingness" or "preparedness" to tender, but had not pled facts that would establish their ability to tender); Valdez v. Am.'s Wholesale Lender, 2009 WL 5114305, at *5 n. 3 (N.D.Cal. Dec. 18, 2009) (describing the type of facts that would satisfy plaintiff's pleading burden).

**D. Plaintiff Does Not Meaningfully Dispute that He Fails to Connect LIA and Andry to any Allegations of Fraud**

Plaintiff does not dedicate any substantive arguments in his opposition to attempting to argue that he has properly connected Doran Andry, an individual with no connection to the transaction, except as the owner of the business, and LIA to

- 4 -

any purported fraud or false statement. Plaintiff tries to claim that, by working with Ehlert, a licensed broker of Plaintiff's choosing, Andry and LIA are automatically responsible for the alleged acts or omissions of the broker. There is no basis to this assertion in law or logic, which is precisely why Plaintiff's opposition contains bare statements, devoid of any citation to law. The Fraud claim should be dismissed.

Defendants did not exceed the traditional scope of a lender. They did not utilize an unlicensed broker, as was the case in Smith v. Home Loan Funding, Inc, 192 Cal. App. 4th 1331, 1333 (2011). Despite attempts, there was no ability to "shop" the loan to Defendants' knowledge, because Plaintiff could not and would not qualify for any other loan. Indeed, Plaintiff admits that the Franchise Tax Board Lien prevented him from getting any traditional loans. Here, Soon was indisputably a "mortgage broker" who was licensed. Plaintiff's attempt to compare the facts of this case to Smith is baffling, and unavailing.

Lastly, Plaintiff tries to claim that Andry acted as agent of LIA, but pleads no facts regarding any contact with Andry or false statement made by Andry that Plaintiff relied upon.

Indeed, Plaintiff's claim of damages stemming from any alleged false statement by any party is confusing, speculative, and implausible as Plaintiff admits there was simply no other funding he could get. Plaintiff benefitted from the transaction by obtaining and appreciating funds that he could not have gotten elsewhere.

**E. Plaintiff Fails to Connect any False Promise, Misrepresentation, Concealment, Nondisclosure, or Negligent Misrepresentation to LIA and Andry**

Plaintiff's False Promise and Misrepresentation claims suffer from the same defects as his fraud claim, which it is essentially duplicative of. Plaintiff cannot identify any false statement or promise made by LIA or Andry, and instead relies on his argument that he was a naïve and unexpecting borrower, when that is simply

not the case. Plaintiff has obtained numerous loans both professional and personally. Plaintiff claims he was told that he must enter into a loan in order to get a loan. Considering his level of sophistication, reliance on any such promise was not plausibly justifiable. Gray v. Don Miller & Associates, Inc., 35 Cal.3d at p. 503, 198 Cal.Rptr. 551, 674 P.2d 253 ['the issue is whether the person who claims reliance was justified in believing the representation in the light of his own knowledge and experience'].

**F. Plaintiff's Usury Claim Fails**

As stated in the Motion, California's Usury laws contain an exemption for loans arranged by licensed brokers, which was the case here. Specifically, , "The restrictions upon rates of interest contained in Section 1 of Article XV of the California Constitution shall not apply to any loan or forbearance made or arranged by any person licensed as a real estate broker by the State of California, and secured, directly or collaterally, in whole or in part by liens on real property. For purposes of this section, a loan or forbearance is arranged by a person licensed as a real estate broker when the broker (1) acts for compensation or in expectation of compensation for soliciting, negotiating, or arranging the loan for another.... The term 'made or arranged' includes any loan made by a person licensed as a real estate broker as a principal or as an agent for others, and whether or not the person is acting within the course and scope of such license." Plaintiff cannot prevail on his Usury claim.

**G. Plaintiff's Conspiracy Claim Fails**

In the absence of a properly pled underlying tort, Plaintiff's claim for Conspiracy Fails.

# CONCLUSION

LIA Provided the Plaintiff with a loan when no other entity or person would, under terms the sophisticated borrower understood. Plaintiff has failed to establish that any of the requirements of TILA/HOEPA apply to LIA, and has failed to state

1 | actionable claims against Andry and Ehlert.  Defendants respectfully request this
2 | Court grant Defendants' motion to dismiss.
3 | DATED this 25 day of June, 2021

**MCFARLIN LLP**

By:   __s/ Timothy McFarlin_____
Timothy G. McFarlin, Esq.
State Bar No. 223378
Attorneys for Secured Creditor
LIFE IS AMAZING, LLC