# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| RICHARD PALLACK,<br><br>        Plaintiff,<br><br>v.<br><br>LIFE IS AMAZING, LLC, a California Limited Liability Company; DORAN ANDRY, an individual; GEORG BRUNO EHLERT, an individual; ALDAN MICHAEL SOON, an individual; and ASHWOOD TD SERVICES, LLC, a California Limited Liability Company,<br><br>        Defendants. | Case No. 8:21-cv-00139-JLS-KESx<br><br>[~~PROPOSED~~] ORDER GRANTING PLAINTIFF'S MOTION FOR:<br><br>1) **An Order Compelling Defendants Ehlert, Andry, and Life Is Amazing, LLC's to Respond and Produce Documents;**<br>2) **An Order for Sanctions** |

On May 5, 2021, the Court entered the existing Scheduling Order, (Dkt. No. 44), following the parties' submission of their Joint Rule 26(f) Report on April 23, 2021, (Dkt. No. 43.) Defendants Life is Amazing, LLC, Doran Andry, and Georg Bruno Ehlert (collectively, "Defendants") filed their Answer on August 23, 2021. (Dkt. No. 66.) The Joint Rule 26(f) Report provides that: (i) Rule 26(a) initial disclosures are to be served "within 30 days after the date that Defendant files its Answer"; (ii) "After initial documents are exchanged, witnesses identified and interrogatories exchanged, Plaintiff will pursue depositions of Defendants' Person Most Knowledgeable"; and (iii) parties anticipate completing discovery "by February 2022." (Dkt. No. 43.) The parties agreed "that no changes need to be made limiting discovery imposed under the Federal Rules of Civil Procedure or by Local Rules, or that any other limitations should be imposed …." (*Id.*)

Comes Now, Plaintiff's Motion for: 1) Order Compelling Defendants Ehlert, Andry, and Life is Amazing, LLC's to Respond and Produce Documents; and 2) Order for Sanctions pursuant to Local Rule ("L.R.") 37-2.4.

Having read and considered all papers, and afforded the respective parties an opportunity to supplement their positions with oral argument, with good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Court finds that Counsel for Defendants failed to comply with L.R. 37-2.2, by not providing Defendants' additions to Plaintiff's February 8, 2022 proposed joint stipulation by February 15, 2022. The Court finds that Plaintiff properly notified Counsel for Defendants of their obligations and provided all required documentation to Counsel for Defendants under L.R. 37-2.2. The Court, therefore, finds that Counsel for Defendants violated L.R. 37-4 and shall pay Plaintiff's attorney's fees in a reasonable amount for the time spent to seek the present order. The Parties should decide amongst themselves the reasonable

attorney's fees Plaintiff is entitled to, with an understanding that if the Court is forced to get involved, the prevailing party will be entitled to attorney's fees for its motion to resolve any disagreement.

    2.    The Court finds that Plaintiff properly served each respective Defendant with his first set of Requests for Production of Documents pursuant Rule 34(a) on December 17, 2021. The Court finds that Plaintiff made multiple, unsuccessful good faith attempts, including on January 26, 2022 during the parties' meet and confer, to address Defendants' ongoing failure to respond and produce documents in response to Plaintiff's requests for production. The Court finds that even after the parties agreed on January 26, 2022 that Defendants would provide the required discovery by January 31, 2022, Defendants failed to do so. The Court finds that Defendants' failures are in violation of Rule 34(b)(2)(A), as more than thirty days elapsed since Defendants were respectively served with Plaintiff's Requests for Production of Documents. The Court finds that Defendants provided no justification, let alone substantial justification, or any other circumstances that mitigate their failure to comply with Rule 34(a). The Court, therefore, orders Defendants to respond and provide responsive documents to Plaintiff's requests for production by March 21, 2022. The Court further orders Counsel for Defendants to pay Plaintiff's attorney's fees in a reasonable amount for the time spent to seek the present order pursuant to Rule 37(a)(5). The Parties should decide amongst themselves the reasonable attorney's fees Plaintiff is entitled to, with an understanding that if the Court is forced to get involved, the prevailing party will be entitled to attorney's fees for its motion to resolve any disagreement.

Dated: March 17, 2022

                                    *Karen E. Scott*
                              Hon. Karen E. Scott
                              United States District Magistrate Judge