**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00139-JLS-KES                            Date: July 27, 2022

Title: RICHARD PALLACK v. LIFE IS AMAZING, LLC, et al.

PRESENT:

THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **Order to Show Cause Why the Court Should Not Sanction McFarlin LLP for Failure to Obey Court Orders**

On May 26, 2022, the Court imposed fee-shifting sanctions in favor of Plaintiff and against Defendants Life is Amazing LLC, Andry, Ehlert (collectively, "Defendants"), Defendants' prior counsel McFarlin LLP. (Dkt. 130.) The Court identified the following six items of fees to be paid to Plaintiff:

Category 1 (against McFarlin LLP): "Bringing the motion to compel responses to requests for production ("RFPs") and production at Dkt. 94 that resulted in the 3/17/22 order at Dkt. 106";

Category 2 (against McFarlin LLP, Defendants, jointly and severally): "Bringing motion a Dkt. 113 that resulted in compelled production and amended responses to RFPs, among other relief";

Category 3 (against McFarlin LLP): "Aborted 1/24/22 deposition of Defendant Andry";

Category 4 (against Defendants Andry, Life is Amazing LLC, and McFarlin LLP): "Aborted/obstructed 3/24/22 deposition of Defendant Andry";

Category 5 (against Defendant Ehlert and McFarlin LLP): "Aborted/obstructed 3/22/22 deposition of Defendant Ehlert";

Category 6 (against Defendant Andry and Life is Amazing LLC): "Future deposition of Defendant Andry".

(Dkt. 130.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-00139-JLS-KES　　　　　　　　　　　　　　　　　　　Date: July 27, 2022
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

　　　　The Court ordered Plaintiff, Defendants, and McFarlin LLP to meet and confer by June 3, 2022, over "(1) the amount of Plaintiff's reasonable costs … and (2) when payment to Plaintiff will be made."  (Id.)  On June 3, 2022, Plaintiff and Defendants submitted a Joint Status Report, asking for more time to meet and confer on these issues (which the Court granted) because, among other things, "it is not always easy for current Counsel to get ahold of the Defendants' prior counsel [i.e., McFarlin LLP] to discuss the prior representation of the Defendants and discovery issues in this matter."  (Dkt. 132.)

　　　　Plaintiff and Defendants then submitted a second Joint Status Report on July 17, 2022, to which McFarlin LLP again did not participate.  (Dkt. 134.)  The Court again gave the parties more time to meet and confer, and, on July 20, 2022, Plaintiff and Defendants submitted a third Joint Stipulation.  (Dkt. 139.)  Like before, however, McFarlin LLP did not participate in the third Joint Status Report.

　　　　In the third Joint Status Report, Defendants represent that they have agreed to pay Plaintiff a lump sum as their portion of the fee-shifting sanctions owed.  (Id.)  Regarding McFarlin LLP, Plaintiff reported that he "continues to attempt to resolve the outstanding discovery sanction issues involving McFarlin as outlined in items 1 and 3 in the Court's Order entered on May 26, 2022 (Dkt. 130).  McFarlin has been unresponsive to Plaintiff's attempts to resolve the outstanding issues."  (Dkt. 139 at 2.)  It appears to the Court that McFarlin LLP is avoiding its outstanding obligations to reimburse Plaintiff his reasonable attorney's fees as outlined int the Court's May 26, 2022, Order.  The fact that the firm no longer represents any Defendant does not relieve it of its obligations to pay Plaintiff's fees for the discovery costs and delays it caused.

　　　　As such, McFarlin LLP is **ORDERED TO SHOW CAUSE** why additional sanctions should not be imposed against it for failing to comply with the Court's May 26, 2022 order.  **On or before August 1, 2022**, McFarlin LLP shall respond to this Order by providing a detailed account of its good-faith efforts to meet and confer with Plaintiff regarding the amount of Plaintiff's costs it owes and when such costs will be paid.  If McFarlin LLP has not engaged in such efforts, then it should explain why the Court should not issue additional sanctions for its failure to comply with Court orders.  Absent a sufficient showing why the Court should not impose additional, and possibly more severe sanctions against McFarlin LLP, the Court may do so pursuant to Rule 37 and its inherent power to sanction a lawyer.  See Gomez v. Vernon, 255 F.3d 1118, 1133 (9th Cir. 2001).

　　　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk JD