1  RICHARD PALLACK, IN PRO PER
   4136 Davana Road
2  Sherman Oaks, CA 91423
   Tele No.: (818) 789-7000
3

4  Attorney for Plaintiff, in pro per

5

6  UNITED STATES DISTRICT COURT

7  FOR THE CENTRAL DISTRICT OF CALIFORNIA

8

9  RICHARD PALLACK,                ) Case No.: 8:21-cv-00139-JLS-KES
                                    ) (JUDGE JOSEPHINE L. STANTON)
10         Plaintiff,               )
                                    )
11     vs.                          ) PLAINTIFF'S EX PARTE APPLICATION
                                    ) TO VACATE ORDER [Docket 162]
12  LIFE IS AMAZING, LLC, et al.    ) GRANTING PLAINTIFF'S COUNSEL'S
                                    ) MOTION TO WITHDRAW FROM CASE
13         Defendants.              ) AND REQUEST TO SET MATTER FOR
                                    ) HEARING ON APRIL 28, 2023 AT 10:30
14                                  ) AM PURSUANT TO STIPULATION OF
                                    ) COUNSEL AND PLAINTIFF [Docket 161]
15                                  )
                                    )
16                                  )
                                    )
17  _____  )

18

19  TO: THE COURT, ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

20     PLEASE TAKE NOTICE that Plaintiff, Richard Pallack, in propria persona, hereby submits

21  the following Ex Parte Application to Vacate Order [Docket 162] Granting Plaintiff's Counsel's

22  Motion to Withdraw from Case, and Request to Set Matter for Hearing on April 28, 2023 at

23  10:30 AM Pursuant to Stipulation of Counsel and Plaintiff [Docket 161]. This Application is

24  /////

25  /////

---

Plaintiff's Ex Parte Application to Vacate Order Granting Motion to Withdraw - 1

based on the attached Memorandum of Points and Authorities and Declarations of Plaintiff Richard Pallack, and Christopher L. Blank, Attorney at Law.

*/s/ Richard Pallack*
Richard Pallack, In Propria Persona
March 17, 2023

## MEMORANDUM OF POINTS AND AUTHORITIES

The parties to this case engaged in mediation before Retired U.S. District Court Judge Hon. Allan Goodman on December 7, 2022. Plaintiff, Richard Pallack did not agree to the terms that had been proposed by his counsel, and did not authorize his counsel to convey to the mediator or Defendants' counsel that he had agreed to those terms. Despite this, Plaintiff's counsel apparently led the mediator and Defendants' counsel to believe that a settlement had been reached and the mediator filed a Mediation Report [Docket 148] indicating the case had been resolved. The actual report available on PACER is blank; however, the Court's docket indicates that "the parties are advised that they must file a joint stipulation regarding those claims which have been resolved. The following issues remain for this Court to resolve: Reas. Attorney Fees."

On December 7, and in the days following the December 7, 2022 mediation, Pallack repeatedly told his attorney, Richard D. McCune that he did not agree with the terms of the settlement proposed by McCune, and McCune repeatedly threatened to quit if Pallack would not agree to those terms. Unfortunately, McCune did not tell the mediator, Defendants' counsel or the Court that Pallack never agreed to the terms of a setttlement until prompted to do so by the Court's minute order entered on January 17, 2023 [Docket 149].

In response to the Court's minute order, McCune filed a status report [Docket 151] on January 20, 2023. The report states "No settlement has been finalized through mediation and all claims remain unresolved." The report ambiguously states: "Plaintiff's Counsel informed

Defendant's Counsel that the proposed settlement was rejected by Plaintiff on January 18, 2023." The truth is that Pallack never accepted the proposed settlement terms. Not on December 7, 2022, or any time after that. However, not until January 18, 2023, did Plaintiff's Counsel inform Defendants' Counsel of Plaintiff's rejection of those terms.

The report filed by McCune also states that he intended to file a Motion to Withdraw as Counsel on January 23, 2023, claiming a breakdown in the attorney-client relationship. McCune actually filed his Motion to Withdraw as Counsel on January 25, 2023 [Docket 153]. In the Motion, McCune argues that he has an unspecified conflict of interest with his client that prohibits him from continuing as counsel. It is worth noting that a disagreement between counsel and a client regarding the advisability of entering into a settlement on particular terms does not constitute a conflict of interest or other ethical basis for counsel to quit.

When counsel takes on a case, ordinarily counsel is agreeing to take the case through trial. Counsel may feel that a particular settlement may be more economically advantageous to the client, or to counsel, or to both, than taking the case to trial, but the client may believe that trial is the better option. Such a disagreement does not give counsel the right to quit.

In this particular case, Mr. McCune may have inadvertently or deliberately misled the mediator and Defendants' counsel to believe that Pallack had agreed to particular terms of a settlement when Pallack had not. However, the proper thing to do in such a circumstance is to apologize and notify counsel and the mediator that no agreement had been made. The parties could then engage in further settlement negotiations or proceed to trial.

Instead, McCune made his Motion to Withdraw and set the matter for hearing on March 3, 2023, a date that was apparently closed on the Court's calendar. The Court then sua sponte continued the hearing on the matter to March 17, 2023. There is no indication on the docket or elsewhere that the Motion to Withdraw or the Minute Order continuing the hearing were ever served on Pallack. Nevertheless, Pallack filed a Declaration in Opposition to the Motion to

Withdraw on March 3, 2023, and on March 6, 2023, Counsel and Mr. Pallack signed and filed a Stipulation and Request to Continue the hearing on the Motion to Withdraw to April 28, 2023 [Docket 161].

Unfortunately, on March 3, before Pallack's Declaration in Opposition was filed, and before the March 6 Stipulation was filed, the Court vacated the March 17, 2023 hearing date and granted McCune's Motion to Withdraw. This is the order that Pallack would like the Court to vacate. The order should be vacated in the interest of justice because (1) Pallack was never properly served with he Motion to Withdraw, (2) he did file opposition, albeit beyond the normal deadline, (3) Pallack and counsel all previously signed a stipulation agreeing to continue the hearing on the Motion to Withdraw to April 28, 2023 to give everyone the opportunity to try to put together a settlement to which everyone agrees, and (4) no one opposes this ex parte application. Mr. Bach, who represents the Defendants has indicated that he does not oppose the application, and Mr. McCune, on behalf of his firm, has indicated that he takes no position on the application.

*/s/ Richard Pallack*
Richard Pallack, In Propria Persona
March 17, 2023

Plaintiff's Ex Parte Application to Vacate Order Granting Motion to Withdraw - 4

**DECLARATION OF RICHARD PALLACK**

I, Richard Pallack, declare as follows:

1. I am the plaintiff in the within matter. If called to testify, I could competently state the following of my own personal knowledge.

2. This case involves a mortgage loan defendants made to me which was secured by my residence. The loan violated the Federal Act covering residential mortgages. Initially, I had retained a previous attorney who filed the case, and also proceeded to obtain a preliminary injunction against the defendants. After the preliminary injunction was granted, the moving party, Richard McCune and his law firm, substituted into the case on my behalf.

3. I have not performed any act or omission that led to a breakdown of the attorney-client relationship between Mr. McCune's law firm and myself. Mr. McCune and I simply disagree about whether I should accept the settlement he attempted to negotiate on my behalf. Mr. McCune has been aware that I did not accept the terms of that settlement since December 7, when we participated in a mediation of this case before Hon. Allan Goodman, (ret.). I never agreed to those terms and I never authorized Mr. McCune or anyone else to accept them on my behalf.

4. Mr. McCune has threatened to quit representing me in this case on several occasions. Mr. McCune has never given me formal notice that he intended to make a Motion to Withdraw as my counsel. I was not served with written notice of the Motion to Withdraw [Docket 153], although I was aware that it was filed and the hearing was originally scheduled for March 3, 2023, and subsequently continued to March 17, 2023. Unfortunately, I was under the mistaken belief that I could show up for the hearing in person to oppose the Motion. I was not aware that opposition was due 21 days prior to the hearing. The Notice of Motion does not say anything about the due date for opposition.

1   5. On February 28, 2023, I first contacted attorney Christopher L. Blank to see if he could help me with this matter. He recommended that I file written opposition to the Motion to Withdraw on March 3, 2023. He also offered to contact Mr. McCune and Mr. Bach to ask them to stipulate to continue the hearing on the Motion to Withdraw to April 28, 2023 so the Motion to Withdraw would coincide with Defendants' Motion to Enforce Settlement Agreement.

6. Mr. McCune's firm prepared the stipulation and all counsel and I approved the stipulation on March 3. However, not until March 6 did the McCune firm inform me that the Court requires a holographic signature from me. I provided that signature as requested on March 6, at which time the stipulation was filed with the Court. Unfortunately, by that time the Court issued its Minute Order Granting Motion to Withdraw as Counsel. The Minute Order reflects that no opposition had been filed. It appears that the minute order and my opposition crossed on March 3 and the Court was unaware of my opposition when it issued its minute order.

7. I am still willing to engage in negotiations to settle this case. I have authorized Mr. Blank to communicate with Mr. Bach to see if we can make a settlement. However, in the absence of a settlement, my position will be severely compromised if I do not have trial counsel ready to go ahead and try this case. I see no reason that Mr. McCune and his firm should be precluded from acting as my trial counsel. My chances of finding competent replacement trial counsel at this juncture are very uncertain at best.

I declare under penalty of perjury pursuant to the laws of the State of California, and the laws of the United States of America, that the foregoing is true and correct and that this Declaration was executed on March 17, 2023, in Los Angeles, California.



RICHARD PALLACK

Plaintiff's Ex Parte Application to Vacate Order Granting Motion to Withdraw - 6

## DECLARATION OF CHRISTOPHER L. BLANK

I, Christopher L. Blank, declare as follows:

1. I am an attorney at law, duly licensed to practice in the State of California and before this Court. I am not attorney of record for Plaintiff in this case. I am willing to help Mr. Pallack and the other parties to see if they can come to a settlement, but I am not presently prepared to become counsel of record for Mr. Pallack and take on responsibility for trying the case if a settlement cannot be reached.

2. I was first contacted by Mr. Pallack to see if I could help him on February 28, 2023. I reviewed the Court's docket and various filings in the case, including the McCune firm's Motion to Withdraw as Counsel and the minute order continuing the hearing on that Motion from March 3, 2023 to March 17, 2023. I also reviewed various filings and correspondence regarding the parties attempts to settle this case through mediation.

3. I recommended that Mr. Pallack file opposition to the McCune Motion to Withdraw, which he did on March 3 [Docket 160], albeit beyond the deadline for filing such opposition.

4. I also agreed to contact counsel to see if everyone would stipulate to continue the hearing on the Motion to Withdraw to April 28, 2023. Both Mr. McCune and Mr. Bach agreed to stipulate and Mr. McCune's office prepared and circulated a stipulation on March 3. All counsel and Mr. Pallack agreed to the stipulation, but Mr. Pallack was not asked to provide a holographic signature until Monday, March 6. The Stipulation was then filed [Docket 161].

5. On March 16, 2023 I communicated by email with Mr. Bach regarding Mr. Pallack's intention to file an ex parte application to vacate the minute order granting the McCune firm's Motion to Withdraw. Mr. Bach responded that he did not intend to oppose the application.

6. On March 17, 2023 I spoke with Mr. McCune about Mr. Pallack's ex parte application. Mr. McCune told me that he did not expect to take a position regarding the application.

I declare under penalty of perjury pursuant to the laws of the State of California, and the laws of the United States of America, that the foregoing is true and correct and that this Declaration was executed on March 17, 2023, in Costa Mesa, California.

                                        /S/Christopher L. Blank
                                    CHRISTOPHER L. BLANK