Daniel A. Nassie, State Bar No. 148947
Catherine J. Rowlett, State Bar No. 180200
**NASSIE ROWLETT**
3972 Barranca Pkwy, Suite J 301
Irvine, California 92606
Tel.: (949) 757-1450
Email: daniel@nassielaw.com;
catherine@nassierowlett.com
Attorneys for Attorneys for Defendants
*DORAN ANDRY and*
*LIFE IS AMAZING, LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES

| | |
|---|---|
| RICHARD PALLACK,<br><br>Plaintiff,<br><br>vs.<br><br>LIFE IS AMAZING, LLC, et al.<br><br>Defendants. | Case No.: 8:21-cv-00139-JLS-KES<br>Honorable Josephine L. Stanton<br><br>**DEFENDANTS' LIFE IS AMAZING, LLC AND DORAN ANDRY NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT; MEMORANDUM OF POINSTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: June 26, 2023<br>Time: 10:30 AM<br>Place: Courtroom 8A, USDC 350 West 1st Street, 8th Floor Los Angeles, CA |

**PLEASE TAKE NOTICE** that on June 26, 2023, at 10:30 a.m., or soon thereafter as the may be heard in Courtroom 8A of the above-entitled court, located at 411 W. Fourth Street, Los Angeles, CA, Defendant's LIFE IS AMAZING, LLC and DORAN ANDRY ("Defendants") will, and hereby do, move the Court to enforce the settlement agreement against Plaintiff Richard Pollack ("Plaintiff").

This Motion is and will be based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Julian Bach filed concurrently herewith, on the papers and pleadings on file herein, and on such other and further argument and evidence as Defendants may proffer in support of this motion prior to or at the time of the hearing on the motion.

This motion is made pursuant to the Court's January 25, 2023 Order Modifying the Scheduling Order in this case to allow Defendants to File a Motion to Enforce Settlement.

Dated: April 27, 2023

By: _____
CATHERINE J. ROWLETT
DANIEL NASSIE
Attorneys for Defendants DORAN ANDRY
and LIFE IS AMAZING, LLC

**TABLE OF CONTENTS**

I.   INTRODUCTION……………………………………………………………..1

II.  FACTUAL BACKGROUND…………………………………………………1

III. ARGUMENT………………………………………………………………..3

    A. THE COURT HAS THE AUTHORITY TO ENFORCE THE SETTLEMENT SINCE THE PARTIES AGREED TO ALL THE MATERIAL TERMS……………………………………………………3

    B. THE REQUISITE MATERIAL TERMS EXIST TO WARRANT ENFORCING THE SETTLEMENT AGREEMENT…….5

    C. THE SETTLEMENT AGREEMENT IS BINDING BECAUSE PLAINTIFF'S ATTORNEY CAN BIND PLAINTIFF AS A MATTER OF LAW……………………………………………………………….6

    D. MOREOVER PLAINTIFF MANIFESTED AN OBJECTIVE INTENT TO BE BOUND TO THE SETTLEMENT BY AUTHORIZING HIS COUNSEL TO SETTLE THE MATTER AT MEDIATION……………7

    E. THE 12/7/22 EMAIL CONSTITUTES A WRITTEN STIPULATION ENFORCEABLE AGAINST PLAINTIFF……………………………..8

IV. CONCLUSION………………………………………………………………9

# TABLE OF AUTHORITIES

*Bill Poon & Co., Architects, Inc.* v. *Bafaiz,* No. C 07-5566 PJH, 2009 WL 688917, at *2 (N.D. Cal. Mar. 16, 2009)……………………………………..4, 5

*Callie* v. *Near,* 829 F.2d 888, 890 (9th Cir. 1987)………………………3, 4, 5

*Capital Dredge & Dock Corp. v. City of Detroit,* 800 F.2d 525, 530 (6th Cir. 1986)………………………………………………………………….7

*Dunn & Fenley, LLC* v. *Ply,* No. CV 02-1749-HA, 2004 WL 948471, at *2 (D. Or. Apr. 7, 2004)……………………………………………………………….4

*Estate of Dipinto* 188 Cal.App.3d 625, 629 (1986)…………………………...5

*Inamed Corp. v. Kuzmak,* 275 F. Supp. 2d 1100, 1120 (C.D. Cal. 2002)………...7

*Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989)……………………………4

*Kinan* v. *Cohen,* 268 F.3d 27, 33 (1st Cir. 2001)…………………………………4

*Myles* v. *Nelson Staffing Solutions,* No. C 06-07792 CRB, 2007 WL 2209281, at *5 (N.D. Cal. July 30, 2007)…………………………………………….3, 4, 5, 6

*Quint v. A.E. Staley Mfg. Co.,* 246 F.3d 11, 15 (1st Cir. 2001)………………..4, 6

*Ruiz v. Moss Bros. Auto Group, Inc.* 232 Cal.App.4th 836, 843 (2014)……………8

*Sterling v. Taylor* 40 Cal.4th 757, 766 (2007)………………………………….5

*Tranquilli* v. *VSB Invest., Inc.,* No. CV F 07-0433 LJO DLB, 2008 WL 1788022, at *1 (E.D. Cal. Apr. 18, 2008)……………………………………………………4

*United Commercial Ins. Serv., Inc. v. The Paymaster Corp.,* 962 F.2d 853, 856 (9th Cir. 1992)…………………………………………………………………...5

**STATUTES**

Assembly Bill No. 2723……………………………………………………6

*CACI No. 380* (2020), p. 210……………………………………………8

*Cal. Civ. Code* §1633.2(c)………………………………………………8

*Cal. Civ. Code* §1633.7(c)………………………………………………8

*Cal. Civ. Code* §664.6……………………………………………..4, 6, 7, 8, 9

Uniform Electronic Transactions Act……………………………………8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Defendants Life Is Amazing, LLC, Bruno Ehlert and Doran Andry, on one hand, and Plaintiff Richard Pallack ("Pallack"), on the other, along with their attorneys, settled the lawsuit as between them during mediation with the Honorable Allan J. Goodman (Ret.).[1] After several hours and extensive negotiations, the parties reached an agreement settling all of the claims in the Plaintiff's First Amended Complaint, leaving the sole issue of Plaintiff's reasonable attorneys' fees and costs, if any, for Court determination.

Despite his integral involvement in the settlement process and legal representation, over a month later, Plaintiff apparently had buyer's remorse and reneged. Plaintiff's counsel does not dispute the settlement terms or that the case was settled. Defendants are now forced to move to Enforce the Settlement Agreement against Plaintiff.

## II. FACTUAL BACKGROUND

The material facts relevant to Defendants' Motion to Enforce are not in dispute. On December 7, 2022, the parties along with their counsel agreed to and participated via Zoom video in good faith in a second round of mediation with the Honorable Allan J. Goodman (Ret.).[1] After several hours and extensive negotiations, the parties reached an agreement settling all of the claims in Plaintiff's First Amended Complaint, leaving just the issue of Plaintiff's

---

[1] The only other named defendants in this action are (a) Ashwood TD Services, LLC, which was dismissed from this case when the Court granted its Motion to Dismiss with prejudice by Order entered on February 3, 2022 (Doc. 87), and (b) an individual named Aldan Mike Soon, with a Proof of Service filed by the Plaintiff on March 4, 2022 (Doc. 100) indicating that Mr. Soon had been served with the First Amended Complaint. **Mr. Soon has never appeared in this action and his status is unknown to these defendants.**

reasonable attorneys' fees and costs, if any. On that sole remaining matter, Defendants agreed to allow Plaintiff's Counsel to file a Motion for an Award of Attorneys' Fees and Costs so that this Court can make the decision as to the appropriate amount if any to be awarded (Declaration of Julian Bach [Bach Decl.] at ¶¶7-9.

That same afternoon of December 7, 2022 at 3:25 p.m., approximately one hour after the completion of the mediation, Plaintiff's Counsel memorialized the settlement terms and sent an email to Defendants' counsel with the 6 material agreed-upon points of the agreement, as follows:

> This email will memorialize the terms of the settlement agreement made today (12/7/22) in the above referenced matter:
>
> 1. The parties agree to a walk away settlement, where Defendant waives any right of any payment of any kind from Plaintiff, including principal, interest, penalties or fees, and Plaintiff agrees to release Defendant from any further claims or damages.
>
> 2. Defendant agrees to pay Plaintiff attorneys' fees and costs. The amount shall be determined by the Court.
>
> 3. The parties agree to execute full and mutual releases of all claims within five (5) days;
>
> 4. Defendant agrees to and will release all interests in Plaintiffs property within two (2) days of execution of full and mutual releases of claims;
>
> 5. The parties agree to apply to the court for an expedited briefing/hearing scheduled for the determination of the above-mentioned attorneys' fees and costs;
>
> 6. The parties agree to a mutual waiver of appeal regarding the court's determination of the above-mentioned reasonable attorneys' fees and costs.

*Id*. at ¶8 and Ex. A.

After a minor modification made by Defendants' Counsel to the settlement point on Plaintiff's Motion to this Court, the settlement was agreed upon, with

2
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff's Counsel to document a formal settlement agreement for review and signature by the parties. *Id.* at ¶8 and Ex. A, B and C. This was confirmed by Judge Goodman in a Mediation Report he filed with this Court on December 11, 2022 and by email correspondence by Judge Goodman to Counsel (Doc. 148); *Id.* at ¶¶ 7-9.

Since December 7, 2022 up through and including January 17, 2023, other than the "thank you" confirming email from Judge Goodman, Defendants heard nothing more from the Plaintiff's Counsel or Judge Goodman and was unaware of any issues with the settlement agreement. Defendants' Counsel reasonably believed that Plaintiff's Counsel was working on the expected Motion for Attorneys' Fees and Costs along with drafting a more formal settlement agreement that could be filed with this Court, allotting for some time off due to the holidays. *Id.* at ¶10.

On January 17, 2023, this Court entered an Order Requiring Status Report, instructing Counsel to file a status report within five days of the Order informing the Court as to which claims were resolved and which claims, if any, remained outstanding (Doc. 149). On January 18, 2023, Plaintiff's Counsel then informed Defendants' Counsel via email that his client was reneging on the settlement. This was confirmed by Plaintiff's Status Report filed with this Court on January 20, 2023 (Doc. 151); *Id.* at ¶12. Plaintiff's Counsel has since filed a Motion to Withdraw as Counsel for the Plaintiff (Doc. 153).

### III.    ARGUMENT.

#### A. THE COURT HAS THE AUTHORITY TO ENFORCE THE SETTLEMENT SINCE THE PARTIES AGREED TO ALL THE MATERIAL TERMS.

It is well settled that a federal district court has the equitable authority and broad discretion to summarily enforce an agreement to settle a case that is pending before it. *Callie* v. *Near,* 829 F.2d 888, 890 (9th Cir. 1987); *Myles* v. *Nelson Staffing Solutions,* No. C 06-07792 CRB, 2007 WL 2209281, at *5 (N.D. Cal. July 30, 2007). "The construction and enforcement of settlement agreements are

governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1989). *California Code of Civil Procedure* section 664.6 governs court enforcement of settlement agreements and provides in pertinent part:

> (a) If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement…
>
> (b) For purposes of this section, a writing is signed by a party if it is signed by…(2) An attorney who represents the party.

In exercising its authority, the Court is not limited to enforcing only those settlement agreements set forth in a fully executed writing. *Myles,* 2007 WL 2209281, at* 5; *Kinan* v. *Cohen,* 268 F.3d 27, 33 (1st Cir. 2001); *Quint v. A.E. Staley Mfg. Co.,* 246 F.3d 11, 15 (1st Cir. 2001); *Dunn & Fenley, LLC* v. *Ply,* No. CV 02-1749-HA, 2004 WL 948471, at *2 (D. Or. Apr. 7, 2004). Indeed the fact that a party refuses to sign a written settlement agreement does not preclude enforcement of the agreement. *Myles,* 2007 WL 2209281, at *5.

The Court may enforce an unexecuted settlement agreement where: (1) the purported agreement is complete with respect to all material terms; and (2) the parties have objectively manifested an intent to be bound by those material terms or have otherwise authorized their respective counsel to settle the dispute. *Callie,* 829 F.2d at 890; *Bill Poon & Co., Architects, Inc.* v. *Bafaiz,* No. C 07-5566 PJH, 2009 WL 688917, at *2 (N.D. Cal. Mar. 16, 2009); *Myles,* 2007 W 2209281, at *5; *see also Tranquilli* v. *VSB Invest., Inc.,* No. CV F 07-0433 LJO DLB, 2008 WL 1788022, at *1 (E.D. Cal. Apr. 18, 2008); *Dunn & Fenley,* 2004 WL 948471, at *2 (a court may enforce an unsigned settlement agreement when the parties have objectively manifested an intent to be bound by the agreement which contains the essential terms of settlement ). The critical inquiry for the Court is whether the

parties had reached agreement as to all of the material terms of the agreement and had intended to be bound by it. *Myles,* 2007 WL 22089281, at *5 n.1 (enforcing settlement agreement where plaintiff had manifested an objective intent to be bound by unsigned settlement agreement).[2]

As in virtually all jurisdictions, "[u]nder California law, the intent of the parties determines the meaning of the contract….. and [t]he relative intent is objective that is, the intent is manifested in the agreement and by surrounding conduct rather than the subjective beliefs of the parties." *Bill Poon, supra,* 2009 WL 688917, at *3 (internal quotations omitted). Therefore, the subjective intent of the party denying the enforceability of a settlement agreement is irrelevant if it is unexpressed. *United Commercial Ins. Serv., Inc. v. The Paymaster Corp.,* 962 F.2d 853, 856 (9th Cir. 1992).

Here, it was undisputed that Plaintiff manifested his intent to settle pursuant to the settlement terms expressed by his counsel to Defendants'. Accordingly, the settlement agreement is enforceable.

### B. THE REQUISITE MATERIAL TERMS EXIST TO WARRANT ENFORCING THE SETTLEMENT AGREEMENT.

The Court may grant a motion to enforce settlement "even when issues relating to the binding nature or terms of the settlement are in dispute," if the parties reached an agreement that included the material terms. *Estate of Dipinto* 188 Cal.App.3d 625, 629 (1986) (holding that the "court is empowered to resolve these disputed issues and ultimately determine whether the parties reached a binding mutual accord as to the material terms"). A contract is sufficient as long as it states the essential contract terms with reasonable certainty. *Sterling v. Taylor* 40 Cal.4th 757, 766 (2007).

Here, it is clear that there was a meeting of the minds regarding the essential

---

[2] While an evidentiary hearing is required where a dispute of material fact exists as to the existence or terms of an agreement to settle *(Callie,* 829 F.2d at 820), the material facts in this settlement are not in dispute.

terms of the agreement, and the terms were both *drafted* and *signed* by Plaintiff's Counsel. The terms of the settlement were memorialized by Plaintiff's Counsel in an email sent to Counsel for Defendants that same afternoon of December 7, 2022 at 3:25 p.m., approximately one hour after the completion of the mediation, setting forth the 6 material agreed-upon points of the agreement. After a minor modification made Defendants' Counsel to the settlement point regarding the Attorneys' Fees Motion, the settlement was agreed upon, with Plaintiff's Counsel to document a formal settlement agreement for review and signature by the parties. Bach Decl. at ¶ 8 and Ex. A, B and C.

The parties, having agreed upon the overall settlement, clearly and indisputably had a defined and complete agreement as to the material terms of settlement as of December 7, 2022. As such, the settlement is enforceable against the Plaintiff. *Myles,* 2007 WL 2209281, at *5-6 (finding unsigned settlement agreement complete and enforceable where the parties agreed to the amount of the settlement and fully negotiated and objectively resolved the scope of the release provision. *See also Quint,* 246 F.3d at 15 (finding that where the material terms were orally agreed upon, Plaintiff "cannot escape the consequences of his agreement because she spoke but did not write").

C. **THE SETTLEMENT AGREEMENT IS BINDING BECAUSE PLAINTIFF'S ATTORNEY CAN BIND PLAINTIFF AS A MATTER OF LAW.**

As of 2021, California law explicitly provides that an attorney has the authority bind his/her client to a settlement agreement and such settlements are enforceable on motion by the entry of judgment. *Cal. Civ. Proc. Code* §664.6 (b)(1) (effective 1/1/21,

Assembly Bill No. 2723 amended <u>Cal. Civ. Proc. Code §664.6</u> to explicitly allow a party's attorney to bind his/her client to settlement).[3]

Plaintiff complains that although his attorney communicated assent, he subsequently suffered buyer's remorse and attempted to "reject" the settlement over a month after accepting it the 12/7/22 mediation. His counsel intended to and did bind his client (as he is empowered to do) to the material terms of the agreement. He had the apparent agency of having settlement authority and *never* stated that he did not have his client's authority or needed to await a response. It is undisputed that Plaintiff's counsel agreed to the settlement terms. As such, the settlement is enforceable.

### D. **MOREOVER PLAINTIFF MANIFESTED AN OBJECTIVE INTENT TO BE BOUND TO THE SETTLEMENT BY AUTHORIZING HIS COUNSEL TO SETTLE THE MATTER AT MEDIATION.**

Further, Plaintiff is bound by the terms of the agreement negotiated and agreed upon on his behalf by his counsel. When a party's attorney enters into a settlement agreement, there is a presumption that the attorney had the authority to bind his or her client. *Capital Dredge & Dock Corp. v. City of Detroit,* 800 F.2d 525, 530 (6th Cir. 1986). And, the opposing party may enforce the resulting settlement agreement against the client. *Inamed Corp. v. Kuzmak,* 275 F. Supp. 2d 1100, 1120 (C.D. Cal. 2002).

Here, in an email to Defendants' counsel on that same afternoon of the December 7, 2022 mediation, at 3:25 p.m., approximately one hour after the completion, Plaintiff's counsel memorialized the 6 material agreed-upon points of the settlement agreement and approved the minor modification made Defendants' counsel. Defendants relied upon the objective manifestation of

---

[3] As such all arguments relating to a lack of Mr. Pallack's own signature or assent to settlement is unavailing and irrelevant. As *C.C.P.* section 664.6(d) states, recourse would be against his attorney for professional malfeasance if he acted without good cause.

settlement authority and did not continue to prepare for trial after the December 7, 2022 settlement. Notably, this includes filing Motions in Limine (excluding Daubert Motions) timely, which were not prepared and filed in compliance with the Court's Modified Scheduling Order due to the settlement.

### E. THE 12/7/22 EMAIL CONSTITUTES A WRITTEN STIPULATION ENFORCEABLE AGAINST PLAINTIFF.

The Court has the authority to enforce the settlement agreement, as a written stipulation was signed by Plaintiff's attorney. *C.C.P.* §664.6(a), (b)(2). California has adopted the Uniform Electronic Transactions Act ("UETA"), which states that an electronic record satisfies the writing requirement for most agreements. *Cal. Civ. Code* §1633.7(c). An electronic record is "a record created, generated, sent, communicated, received, or stored by electronic means." *Id.* §1633.2, subd. (m). An electronic record is "a record created, generated, sent, communicated, received, or stored by electronic means." *Id*. §1633.2, subd. (g).) This includes emails. *Directions for Use to CACI No. 380* (2020), p. 210 ("there would seem to be little doubt that e-mail and fax meet the definition" of an electronic record).

The UETA also provides that an e-signature satisfies "a law [that] requires a signature." *Civ. Code* §1633.7(d); *Ruiz v. Moss Bros. Auto Group, Inc.* 232 Cal.App.4th 836, 843 (2014) ["(A)n electronic signature has the same legal effect as a handwritten signature" under the UETA].) An e-signature is "an electronic sound, symbol, or process attached to . . . an electronic record and executed or adopted by a person with the intent to sign." *Civ. Code* §1633(h). An electronic signature, such as one's name at the end of an email, constitutes a "signature" for the purposes of such an agreement and legally sufficient and enforceable, as a matter of law. *Cal. Civ. Code* §1633.7.

In this case, promptly after the parties settled in mediation, on 12/7/22, Plaintiff's attorney, who appeared at the mediation and had the authority to bind Plaintiff, emailed the material settlement terms to Defendants' counsel and confirmed

8
DEFENDANTS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

the final stipulation. Bach Decl. ¶8, Exhs. A, B & C thereto. It was Plaintiff's attorney who took the initiative in delineating the settlement and its terms. On behalf of Plaintiff, Joshua Genzum, clearly states in his email: "This email will memorialize the terms of the settlement agreement made today (12/7/22);" the material terms; and affixes his electronic signature to this email circulated to Defendants' counsel as well as internally to two other Plaintiff's attorneys (Exh. A). Unequivocally, the parties clearly had a meeting of the minds and Plaintiff's counsel expressly agreed to settle with Defendants.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court enforce the settlement agreement between the parties as entered into on December 7, 2022 against Plaintiff Richard Pollack and find that he is bound to the terms of the settlement as memorialized in the email. Alternatively, if the Court does not believe there are sufficient grounds to make this an enforceable agreement under Section 664.6, Defendants request the opportunity to file and brief the issue of filing for leave to file a cross-complaint regarding the Plaintiff's breach of the settlement agreement. Judicial economy would be served to allow a claim for that to proceed in this case rather than having a separate case filed and then related or potentially consolidated with this existing case.

Dated: April 27, 2023

By: _____
CATHERINE J. ROWLETT
DANIEL NASSIE
Attorneys for Defendants DORAN ANDRY
and LIFE IS AMAZING

## PROOF OF SERVICE BY ELECTRONIC MAIL

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I, the undersigned, hereby certify that I am a citizen of the United States and over the age of eighteen; I work in the County of Orange, California, in which County the within the Electronic Mail took place; and I am not a party to the subject case.

On April 28, 2023, I served the following documents described as:

**DEFENDANTS' LIFE IS AMAZING, LLC AND DORAN ANDRY NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT AGREEMENT; MEMORANDUM OF POINSTS AND AUTHORITIES IN SUPPORT THEREOF**

, on the interested party(ies) in this action by *E-SERVICE*:

| | |
|---|---|
| CHRISTOPHER L. BLANK, SBN 115450<br>CHRISTOPHER L. BLANK, ATTORNEY AT LAW, PC<br>2973 Harbor Blvd. #506<br>Costa Mesa, CA 92626<br>chris@chrisblanklaw.com | Richard D McCune<br>McCune Law Group McCune Wright Arevalo Vercoski Kusel Weck<br>3281 East Guasti Road Suite 100<br>Ontario, CA 91761<br>Email: rdm@mccunewright.com<br>jag@mccunewright.com;<br>dcw@mccunewright.com; |
| | |

☒ **BY ELECTRONIC MAIL**: I personally emailed this document to:

rdm@mccunewright.com; jag@mccunewright.com; dcw@mccunewright.com; chris@chrisblanklaw.com

Executed on April 28, 2023

*Cindie D. Ianni*

_____

Cindie Ianni

**PROOF OF SERVICE**