JOHN G. BURGEE, ESQ. (State Bar No. 132129)
**jburgee@bandalaw.net**
BURGEE & ABRAMOFF, P.C.
20501 Ventura Boulevard, Suite 262
Woodland Hills, California 91364
Tel: (818) 264-7575

Attorneys for Plaintiff RICHARD PALLACK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PALLACK,<br><br>Plaintiff,<br><br>v.<br><br>LIFE IS AMAZING, LLC, a California Limited Liability Company, *et al.,*<br><br>Defendants. | CASE NO. 8:21-cv-00139-MRA-KES<br>[The Hon. Monica Ramirez Almadani]<br><br>NOTICE OF MOTION AND MOTION OF PLAINTIFF RICHARD PALLACK TO STRIKE ANSWER AND ENTER DEFAULT OF DEFENDANT GEORG BRUNO EHLERT; DECLARATION OF JOHN G. BURGEE<br><br>Date: May 16, 2024<br>Time: 10:00 a.m.<br>Courtroom: 10B<br>350 West 1st Street<br>Los Angeles, CA 90012 |

PLEASE TAKE NOTICE that on May 16, 2024, at 10:00 a.m. or as soon as counsel may be heard, in Courtroom 10B of the above-titled Court located at 350 West 1st Street, Los Angeles, CA 90012 , Plaintiff Richard Pallack will move the Court for an Order striking the Answer of Defendant Georg Bruno Ehlert to the First Amended Complaint [Dkt. 66], and entering the default of Defendant Georg Bruno Ehlert.

This Motion is made on the grounds that counsel for Defendant Ehlert passed away on March 22, 2023 and that since that time, Defendant Ehlert has been unrepresented in this action, has not made an appearance in this action *in pro per*, or participated in hearings in this action. This issue was raised with the Court at a hearing on December 7, 2023, at which time the Court confirmed that Plaintiff could proceed with seeking to enter Mr. Ehlert's default based upon his abandonment of the defense of this action. As his former counsel had

filed an Answer to the First Amended Complaint on his behalf, Plaintiff seeks to strike the answer to allow a default to be entered. Pursuant to Local Rule 83-2.2.4, this Court is empowered, and should strike the answer of Defendant Ehlert and enter his default.

Movant has attempted to contact Defendant Ehlert at his last known address which Mr. Ehlert confirmed as his permanent address during his deposition and which is where service was effected in this action, to arrange a conference pursuant to L.R.7-3. Defendant Ehlert has failed to respond. (See Burgee Decl., ¶ 3 and Exhibit C.)

This Motion will be based upon all pleadings, papers, records, and files in this action, the Memorandum of Points and Authorities attached hereto, and upon any further oral or documentary evidence that may be presented at the hearing of this motion.

DATED: March 5, 2024 BURGEE & ABRAMOFF, P.C.

By: /s/ John G. Burgee
JOHN G. BURGEE
Attorneys for Plaintiff RICHARD PALLACK

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Defendants are loan sharks. Their business is making high-interest, short-terms loans, designed to consume home equity and result in foreclosure. Defendants do so through imposing outrageous charges and default interest which result in escalating loan renewals – with even more outrageous charges – when homeowners are unable to make balloon pay-offs. When financial pressure alone is not sufficient, Defendants engage in bullying and intimidation to keep borrowers headed toward financial ruin. Plaintiff is a victim of Defendants' predatory lending practices.

Defendant Georg Bruno Ehlert was Defendants' front man and enforcer. Mr. Ehlert, who is unlicensed as a realtor or loan broker, was responsible for arranging Plaintiff's loan and "handling" Plaintiff for lenders Doran Andry and his company Life is Amazing, LLC. Although these co-conspirators were previously jointly represented, after the death of their counsel, Mr. Ehlert has been unrepresented and effectively abandoned his defense of this action. Plaintiff therefore seeks to strike Mr. Ehlert's Answer to the First Amended Complaint and enter his default.

## II. BACKGROUND.

Mr. Ehlert was formerly represented by Mr. Julian Bach as his counsel of record in this action. (Dkt. 107 [Ex.A].) Among other things, Mr. Bach filed Mr. Ehlert's Answer to Plainitff's First Amended Complaint (which is currently the operative pleading). (Dkt. 137.) However, Mr. Bach passed away in March 2023. (See. Dkt. 177 [Ex. B].) Since that time, Mr. Ehlert has been without legal representation. Although Catherine J. Rowlett, Esq. became counsel of record for the other defendants that had been represented by Mr. Bach, she did not become Mr. Ehlert's attorney. (*Id.*) Mr. Ehlert did not substitute any other attorney to act as his counsel. Mr. Ehlert has also failed to enter an appearance as proceeding *in pro per* after Mr. Bach's death. Rather, Mr. Ehlert has failed to take any steps to replace

Mr. Bach. He has also failed to participate in any proceedings in the past year either through any attorney or on his own behalf.

The Rules of the Court confirm that Mr. Ehlert is required to participate in this action and that he must either to so through counsel or through an appearance *pro se*. Mr. Ehlert has none neither of these and simply abandoned his defense of this action. Plaintiff therefore seeks to strike Mr. Ehlert's Answer to the First Amended Complaint (Dkt. 137) and enter his default.[1]

## III. THE COURT SHOULD STRIKE EHLERT'S ANSWER AND ENTER HIS DEFAULT ON THE FIRST AMENDED COMPLAINT.

The Local Rules of the Court provide as follows:

> L.R. 83-2.2.1 Individuals. Any person representing himself or herself in a case without an attorney must appear pro se for such purpose.
>
> * * *
>
> L.R. 83-2.2.3 Compliance With Federal Rules. Any person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P.
>
> L.R. 83-2.2.4 Sanctions. Failure to comply with the rules enumerated in L.R. 83-2.2.3 may be grounds for dismissal or judgment by default.
>
> * * *
>
> L.R. 83-2.3.3 Individuals. When an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney by a written substitution of attorney

signed by the party and the attorneys.

[1]The issue of Mr. Ehlert's non-representation and non-participation in this action was raised with the Court on December 7, 2023. At that time, the Court confirmed that Plaintiff should proceed with seeking the default of Mr. Ehlert.

The Local Rules of the Court therefore require a party to participate in an action either through counsel or *pro se*. Further, when an individual party has counsel that ceases to act as attorney of record "for any reason", the individual must affirmatively make a *pro se* appearance if there is no substitution of a new attorney. Here, Mr. Ehlert has neither substituted new counsel or make a *pro se* appearance. He has thus effectively abandoned his defense of this action and is in violation of the Local Rules.

The failure to comply with the Local Rules allows the Court to proceed with a judgment by default against Mr. Ehlert. Further, under FRCP 16(f)(1), the Court is empowered to strike Mr. Ehlert's Answer as a sanction for failing to participate in pretrial hearings. There is thus no question that the Court can strike Mr. Ehlert's Answer for choosing to abandon his defense.

Plaintiff notified Mr. Ehlert of his need to either obtain new counsel or make an appearance in the action *pro se*, as part of attempting to meet and confer to avoid the necessity of this Motion. (Burgee Decl., Ex.. A.) Mr. Ehlert has not responded nor taken any steps to participate in this action and cure his failure to have counsel or appear without counsel. His failure to response confirms that he has abandoned his defense. The Court should therefore strike Mr. Ehlert's Answer to the First Amended Complaint and enter his default.

## IV. CONCLUSION.

Since Mr. Ehlert has failed to appear in this action through counsel or *pro se* after the death of Mr. Bach, and he has totally abandoned his defense in this action, the Court should strike his Answer to the First Amended Complaint and enter his default.

DATED: March 5, 2024 BURGEE & ABRAMOFF, P.C.

By: /s/ John G. Burgee
JOHN G. BURGEE
Attorneys for Plaintiff RICHARD PALLACK

DECLARATION OF JOHN G. BURGEE

I, JOHN G. BURGEE declare:

1. I am an attorney at law duly qualified before the Courts of the State of California and counsel of record for Plaintiff in this action. I have personal knowledge of the facts stated herein and if called upon to testify, I can and will competently testify thereto.

2. This declaration is made in support of Plaintiff's Motion to Strike the Answer of Georg Bruno Ehlert and enter his default on the First Amended Complaint.

3. The Court file reflects that Mr. Ehlert was formerly represented by Mr. Julian Bach as his counsel of record in this action. (See, Dkt. 107, a true and correct copy of which is submitted herewith as Exhibit A.) Among other things, Mr. Bach filed Mr. Ehlert's Answer to Plaintiff's First Amended Complaint (which is currently the operative pleading). (Dkt. 137.)

4. The Court file further reflects that Mr. Bach passed away in March 2023. (See. Dkt. 177, a true and correct copy of which is submitted herewith as Exhibit B.) Since that time, Mr. Ehlert has been without legal representation. Although Catherine J. Rowlett became counsel of record for the other defendants that had been represented by Mr. Bach, she did not become Mr. Ehlert's attorney. (*Id.*) Mr. Ehlert did not substitute any other attorney to act as his counsel. Mr. Ehlert has also failed to enter an appearance as proceeding *in pro per* after Mr. Bach's death.

5. The Court file also shows that Mr. Ehlert has failed to participate in any proceedings in the past year either through any attorney or on his own behalf.

6. I raised the issue of Mr. Ehlert's non-representation and non-participation in this action was raised with the Court at a hearing on December 7, 2023. At that time, the Court confirmed that Plaintiff should proceed with seeking the default of Mr. Ehlert.

7. On February 9, 2024, I sent a letter to Mr. Ehlert concerning his need to either obtain new counsel or make an appearance in the action *pro se*, as part of attempting to meet and confer to avoid the necessity of this Motion. A true and correct copy of this letter is attached hereto as Exhibit C. I sent the letter to the address where Mr. Ehlert was served

with the Summons and Complaint. (See, Dkt. 31 a true and correct copy of which is submitted herewith as Exhibit D.) Also, at his deposition, Mr. Ehlert confirmed that the address was where he regularly receives mail. (A true and correct copy of pages from Mr. Ehlert's deposition are attached hereto as Exhibit E.) Mr. Ehlert has not responded to my letter nor taken any steps to participate in this action and cure his failure to have counsel or appear without counsel.

8 . To the best of my knowledge, information and belief Mr. Ehlert is not a a minor or incompetent persons, nor is he in the military service.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 5, 2024, at Woodland Hills, California.

/s/ John G. Burgee
JOHN G. BURGEE

# PROOF OF SERVICE

STATE OF CALIFORNIA,
COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 20501 Ventura Boulevard, Suite 262, Woodland Hills, California 91364.

On March 6, 2024, I served the foregoing document described as: NOTICE OF MOTION AND MOTION OF PLAINTIFF RICHARD PALLACK TO STRIKE ANSWER AND ENTER DEFAULT OF DEFENDANT GEORG BRUNO EHLERT; DECLARATION OF JOHN G. BURGEE on the following interested parties in this action:

Greog Bruno Ehlert
321 North Pass Avenue
Burbank, CA 91505

[X] BY MAIL: by placing [ ] the original [X] a true copy, thereof enclosed in sealed envelopes addressed to the interested parties as stated above.

[X] *I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

[ ] As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] BY ELECTRONIC SERVICE: I electronically served the document to the electronic address stated.

[ ] BY PERSONAL SERVICE: I delivered [ ] the original [X] a true copy, of the document in sealed envelopes by hand to the offices of the addressee stated above.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I am a member of the bar of this Court. Executed March 6, 2024, at Woodland Hills, California

John G. Burgee /s/ John G. Burgee
Type or Print Name Signature