UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-CV-00139-MRA-KES | Date | July 30, 2024 |
| Title | Richard Pallack v. Life is Amazing, et al. | | |

| | |
|---|---|
| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| | |
|---|---|
| Gabriela Garcia | None Present |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING MOTION TO STRIKE ANSWER AND ENTER DEFAULT OF DEFENDANT GEORG BRUNO EHLERT [ECF 242]**

Before the Court is Plaintiff Richard Pallack's Motion to Strike Answer and Enter Default of Defendant Georg Bruno Ehlert. ECF 242. The Court has read and considered the Motion and held a hearing on May 16, 2024. ECF 248. For the reasons stated herein, the Court **GRANTS** the Motion.

## I. BACKGROUND

Plaintiff Richard Pallack brought this action against Defendants Life is Amazing, LLC, Doran Andry, Georg Bruno Ehlert, Aldan Mike Soon, and Ashwood TD Services, LLC alleging claims for violations of the Homeownership and Equity Protection Act of 1994 (15 U.S.C. § 1639, *et seq.*) and California Usury Law, Fraud, Breach of Fiduciary Duty, Unfair Business Practices (Cal. Bus. & Prof. Code § 17200, *et seq.*), and Negligent Misrepresentation. ECF 1 ¶¶ 2-6, 25-75; *see also* ECF 60 (First Amended Complaint ("FAC") ¶¶ 95-151). Plaintiff's claims arise out of two successive private money loans made by Defendant Life is Amazing (the lender) to Plaintiff (the borrower), which were secured by a second position lien on Plaintiff's residence in Sherman Oaks, CA. ECF 60 ¶¶ 18, 19, 21. Plaintiff alleges that Defendant Ehlert, against whom Plaintiff now seeks entry of default, was the Defendants' alleged front man and enforcer for the Defendants. ECF 242 at 3. Plaintiff alleges that Ehlert, who is unlicensed as a realtor or loan broker, was responsible for arranging Plaintiff's loan and "handling" Plaintiff for lenders Doran Andry and his company Life is Amazing, LLC. *Id.*

Defendant Ashwood TD Services LLC was dismissed from this case with prejudice on February 3, 2022. ECF 87. Default was entered by the Clerk against Defendant Soon on March 5, 2024. ECF 241.

Plaintiff originally filed this action on January 22, 2021. ECF 1. Plaintiff filed his FAC on July 29, 2021. ECF 60. Defendants Life is Amazing, Andry, and Ehlert jointly filed their Answer to the FAC on July 15, 2022. ECF 137. These Defendants were previously jointly represented by Julian K. Bach; however, after the death of Mr. Bach in March 2023, Defendants Andry and Life is Amazing filed Requests to Substitute Attorney on April 20, 2023. ECF 177, 179. No such request was made by or on behalf of Defendant Ehlert, nor has Ehlert made an appearance *in pro per*.

Defendant Ehlert has failed to participate in any proceedings in the past year either through an attorney or on his own behalf. ECF 242 at 5. Defendant Ehlert did not join in the Motion to Enforce Settlement Agreement brought by the other remaining Defendants on April 28, 2023. ECF 188. Nor did he participate in the parties' Joint Report Regarding Mediation, ECF 234, or in the Joint Report of Status filed by the parties on March 15, 2024, ECF 243. And Defendant Ehlert has not responded to Plaintiff's Motion to Strike Answer and Enter Default, which Plaintiff filed on March 6, 2024. ECF 242. According to Plaintiff, repeated efforts have been made to get in contact with Mr. Ehlert since the death of his attorney. *See* ECF 242-3; ECF 254 at 9-10.

At the prior Evidentiary Hearing for Defendant's Motion to Enforce Settlement on December 15, 2023, counsel for Plaintiff raised that Defendant Ehlert had been unrepresented and had not made an appearance since the death of his prior counsel. ECF 254 at 7-10. The Court (Hon. Josephine L. Staton presiding) instructed that if Ehlert was not present and not part of the motion at the hearing, the appropriate next step would be to enter default against him. *Id.* at 10.

## II. <u>LEGAL STANDARDS</u>

Obtaining a default judgment against a defendant is a two-step process. Federal Rule of Civil Procedure 55 provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk properly enters default, a party seeking relief other than for a sum certain must then apply to the trial court for default

judgment. Fed. R. Civ. P. 55(b).

When a defendant has already filed an answer, the Court can enter default only if it first strikes the defendant's answer. *Osgood v. Main Streat Marketing, LLC*, No. 16cv2415-GPC (BGS), 2017 WL 3194460, at *2 (S.D. Cal. Jul. 27, 2017). A defendant's answer may be stricken where a defendant has persistently failed to participate in the action. *See, e.g.*, *Staniforth v. Total Wealth Mgmt., Inc.*, No. 14-cv-01899-GPC-JLB, 2022 WL 774733, at *2 (S.D. Cal. Feb. 17, 2022); *Microsoft Corp. v. Marturano*, No. 1:06cv1747 OWW GSA, 2009 WL 1530040, at *2 (E.D. Cal. May 27, 2009). "The court has 'broad latitude to impose the sanction of default' at any point to ensure 'the orderly and expeditious conduct of litigation.'" *Bei v. Santucci*, No. C 11-5061 PSG, 2013 WL 458204, at *1 (N.D. Cal. Feb. 5, 2013) (quoting *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989)).

## III. <u>DISCUSSION</u>

Defendant Ehlert has persistently failed to participate in the current action. Ehlert's former counsel passed away in March 2023, and Ehlert has since failed to obtain new representation. Ehlert did not participate with other Defendants in their Motion to Enforce Settlement and has not made an appearance with respect to the present Motion to Strike and Enter Default, despite being served with the pending Motion by mail on March 6, 2024, at the same address where Ehlert was served with the Summons and Complaint, ECF 31, and which Ehlert confirmed as his permanent address during his deposition, ECF 242 at 2. Nor has Ehlert responded to the other Defendants' counsel's several attempts to contact him. *See* ECF 254 at 9-10.

In so doing, Defendant Ehlert has violated multiple Local and Federal Rules. *See* L.R. 82-2.2.1 ("Any person representing himself or herself in a case without an attorney must appear pro se for such purpose."); L.R. 83-2.2.3 ("Any person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P., F.R.Crim.P., F.R.Evid. and F.R.App.P."); L.R. 83-2.3.3 ("When an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney by a written substitution of attorney."); Fed. R. Civ. P. 16(f)(1) ("[T]he court may issue any just orders . . . if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference . . . or fails to obey a scheduling or other pretrial order.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-CV-00139-MRA-KES | Date | July 30, 2024 |
| Title | Richard Pallack v. Life is Amazing, et al. | | |

Ehlert has failed to litigate this case since March 2023, including failing to attend pretrial hearings and participate in pretrial joint reports, and has failed to appear or communicate with Plaintiff or this Court in any way. The Court therefore **GRANTS** Plaintiff's Motion to Strike and Enter Default. *See, e.g.*, *Staniforth*, 2022 WL 774733, at *3.

## IV. CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. The Court accordingly **ORDERS** the Clerk to enter default against Defendant Ehlert pursuant to Federal Rule of Civil Procedure 55(a).

**IT IS SO ORDERED.**

- : -

Initials of Deputy Clerk gga